16048. WOODRUFF MACHINERY MANUFACTURING CO. *v.* SEYMOUR.

STEPHENS, J. 1. In a suit in trover, where the defendant disputes the plaintiff's title only in so far as it may have been divested by an alleged sale by the plaintiff, through an agent, to the defendant, and where, by the terms of the alleged contract of sale, title to the property sold is retained in the plaintiff, whether or not the alleged contract is binding upon the plaintiff, the plaintiff's title is not thereby divested.

2. Where in such a suit it is undisputed that as a part of the alleged contract of sale, under which the defendant claims to have acquired title to the property sued for, the defendant executed a promissory note payable to the plaintiff for the purchase-money, which contained a provision therein that "it is understood and agreed that the title to this property is to remain in [the plaintiff] until the full amount of purchase money is paid," the plaintiff's title to the property is not divested. Irrespective of any issue as to whether the plaintiff became a party to such contract, either by agreement directly or through its agent or by ratification of the acts of its agent, and irrespective of any parol agreements or understandings between such agent and the defendant tending to establish a contract of sale divesting the plaintiff's title, the plaintiff's title is not divested, and the verdict found for the defendant is unauthorized and contrary to law.

3. Since the only defense interposed by the defendant is as indicated above, the court erred in overruling the plaintiff's motion for a new trial.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED AUGUST 20, 1925.

Complaint in trover; from Wilkes superior court—Judge Shurley. November 5, 1924.

*Norman & Norman,* for plaintiff.

*C. E. Sutton,* for defendant.